IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORDER REQUIRING APPLE, INC. TO ASSIST IN THE EXECUTION OF A SEARCH WARRANT ISSUED BY THIS COURT | Case No. 16-MJ-2007-MBB <br><br> APPLICATION |

## INTRODUCTION

The United States of America, by and through Carmen M. Ortiz, United States Attorney, and Emily Cummings, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring Apple, Inc. ("Apple") to assist in the execution of a federal search warrant by bypassing the lock screen of an iOS device (Target Telephone 1) and providing technical assistance consisting of, to the extent possible, extracting data from the Device, copying the data from the Device onto an external hard drive or other storage medium, and returning the aforementioned storage medium to law enforcement, and/or providing the FBI with the suspect Personal Identification Number (P.I.N) or Personal Unlock Code (P.U.K.) so that access can be gained to Target Telephone 1 for this search.

## FACTS

The Federal Bureau of Investigation ("FBI") currently has in its possession an iOS device that is the subject of a search warrant issued by this Court. Initial inspection of the iOS device reveals that it is locked. Because the iOS device is locked, law enforcement agents are not able to examine the data stored on the iOS device as commanded by the search warrant.

The iOS device is a gray and black colored Apple iPhone cellular telephone, bearing IMEI number 355877062280062, seized from Desmond Crawford on November 25, 2015, and currently in the custody and control of the FBI ("Target Telephone 1" and/or "the Device").

Apple, the creator of the iOS operating system and producer of the iOS device, may have the capability of retrieving data stored on the iOS device that is not currently accessible to FBI because the iOS device is locked. This Application seeks an order requiring Apple to use any such capability, so as to assist agents in complying with the search warrant.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice… and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.*, the Supreme Court held that the All Writs Act permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New York Tel. Co.*, this Court has the authority to order Apple to use any capabilities it may have to assist in effectuating the search warrant.

The government is aware, and can represent, that in other cases, courts have ordered Apple to assist in effectuating search warrants under the authority of the All Writs Act. Additionally, Apple has complied with such orders.

2

The requested order would enable agents to comply with this Court's warrant commanding that the iOS device be examined for evidence identified by the warrant. Examining the iOS device without Apple's assistance, if it is possible at all, would require significant resources and may harm the iOS device. Moreover, the order is not likely to place any unreasonable burden on Apple.

Respectfully submitted,

_____
Emily Cummings

Date: 2/1/16